# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ASHLEY GRIFFIN                                                                                    PLAINTIFF
ADC #755420

v.                                              3:18cv00110-DPM-JJV

ARKANSAS COMMUNITY
CORRECTIONS; *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Ashley Griffin ("Plaintiff") is incarcerated at the East Central Arkansas Community Correction Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 4.) She alleges she has been subjected to unconstitutional conditions of confinement at the facility, including cold, brown water; black mold in the showers; exposure to airborne viruses; and dusty air units. (Doc. No. 4 at 4.) She claims she suffers from "severe asthma and chronic bronchitis" due to these conditions. (*Id*.) She seeks monetary damages. (*Id*. at 7.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's original Complaint named only Arkansas Community Corrections as Defendant. (Doc. No. 2 at 1.) I offered her an opportunity to amend in order to state claims against a suable defendant. (Doc. No. 3 at 4.) Her Amended Complaint does not name Arkansas Community Corrections as a defendant and makes no allegations against it. (Doc. No. 4 at 1-2, 4-5.) For this reason, and because state agencies are immune from suit under § 1983, Plaintiff's claims against Arkansas Community Corrections should be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 & 70 (1989) (a state and its agencies are not "persons" within the meaning of § 1983); *see also Quern v Jordan*, 440 U.S. 332, 345 (1979) (§ 1983 does not abrogate a state's Eleventh Amendment immunity).

Plaintiff's Amended Complaint names three individuals as Defendants. She alleges Defendant Shelia Sharp, as Director of Arkansas Community Corrections, is "responsible for the well being of the facility and inmates and also responsible that all ACC facilit[ies] are r[u]n smoothly." (Doc. No. 4 at 5.) She alleges Defendants Silas and A. Levine, Warden and Assistant Warden, respectively, are "responsible to report to the[ir] Director anything not going ok at facility an[d] responsible for the well being of inmates and [the] facility." (*Id.*) She contends all three failed to "keep the building up to code." (*Id.*) These allegations are insufficient to establish personal liability on the part of any of the three individual Defendants. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). *See also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983). Plaintiff has not alleged any of the three individual Defendants was deliberately indifferent to inmate health or safety, the standard required for a claim of inhumane conditions of confinement. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). More particularly, she has not alleged Defendants both knew of and disregarded an excessive risk to her health or safety, *i.e.*, that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. *See Clark v. Armontrout*, 28 F.3d 71, 72 (8th Cir. 1994) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

For these reasons, Plaintiff's Amended Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

4

1. Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 16th day of July, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."